06-2957ghmBaxterDismFE.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN STEPHEN BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2957 |
| | § | |
| WARDEN GOODWELL, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

John Stephen Baxter, TDCJ-CID #618988, a state inmate proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 for violation of his civil rights. Plaintiff complains that he was transferred from an Oklahoma prison facility to his current prison unit without his "keep on person" medications for his chronic medical conditions. He also complains that because his medical file from Oklahoma apparently was misplaced in transit, orthopedic treatment for his knee and shoulder problems has been delayed. The Court will dismiss this lawsuit without prejudice for plaintiff's failure to exhaust administrative remedies.

Plaintiff admits that he has not pursued and exhausted prison grievance procedures as to his claims. Section 1997e(a) of Title 42 of the United States Code, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that no action shall be brought with respect to prison conditions under § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. This

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings, such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). To exhaust in accordance with § 1997e(a), a prisoner in a TDCJ facility must pursue his administrative remedies under the two-step grievance procedure applicable in the Texas prison system. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the district court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell*, 162 F.3d at 890-91. In the instant case, plaintiff must exhaust administrative procedures without regard to any personal belief that his efforts will not be successful.

Accordingly, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on September 29, 2006.

_____
Gray H. Miller
United States District Judge